JiBYRNES, Judge.
On May 7,1991, plaintiff, Emanuel Brown, was allegedly injured in an accident involving a personnel basket aboard the rig, Ocean Rover. At the time the Ocean Rover was *11 owned by plaintiffs employer, defendant, ODECO Oil & Gas Company (ODECO). The Ocean Rover is now owned by a non-party, appellant, Diamond M Corporation (Diamond M).
Plaintiff obtained a court order to inspect the rig that requires that the rig be operated according to certain specifications. ODECO appealed that order and alternatively asked for writs, asserting several objections, the most legally compelling of which is the fact that it no longer has the care, custody, control, or ownership of the rig. Diamond M also appealed. In its brief Diamond M states that neither it nor ODECO has any objection to reasonable inspection which would include the right to photograph and/or film the rig, i.e., there appears to be no objection to the passive granting of reasonable access to inspect. However, Diamond M objects strongly to the judgment of the trial court ordering it to do physical acts in furtherance of plaintiffs discovery efforts, to-wit:
12[H]ave the personnel basket lifted up, moved over the deck and railing, and lowered over the side of the rig utilizing the crane which is located nearest the heliport while plaintiffs expert videotapes and/or films the above described movement of the personnel basket from six of the following positions....
Plaintiff cites numerous cases describing how broad and liberal the discovery rules are in Louisiana. However, none of the eases cited by the plaintiff require a non-party to do physical acts. We know of no authority that would authorize the trial court to issue such a discovery order, and we do not think that the lack of such authority is the result of oversight, error, inadvertence, or the absence of any previous fact situation that would have suggested the desirability of obtaining such an order had any reasonable legal basis for doing so been thought to exist.
Plaintiff cites LSA-C.C.P. art. 1463B which provides in pertinent part that:
[A] party may have a subpoena duces te-cum served on a person not a party directing that party to produce documents and things for inspection and copying or to permit entry onto and inspection of land....
Plaintiff argues that inspection of the land of a non-party as provided by LSA-C.C.P. art. 1463B encompasses the right to compel the inspection of Diamond M’s rig. We will agree with this proposition for purposes of argument. Plaintiff then argues that in order for the inspection to be effective in yielding the information sought it is not sufficient to merely passively view and photograph or film the rig. Diamond M must be compelled to operate its equipment in such a manner as to assist plaintiff in obtaining its desired proof. In effect, plaintiff argues that the right to inspect implies more than just the passive granting of access, but also includes the right to compel the performance of such acts by third parties as will assist in making the inspection according to the standards set by the ^moving party. LSA-C.C.P. art. 1463B can not be read in so broad a manner. Whether it be a question of land or documents, LSA-C.C.P. art. 1463B is an access article, not an article requiring physical action beyond access.
Plaintiff argues that the “Transition Services Agreement” entered into between ODECO and Diamond M requiring Diamond M to cooperate "with ODECO in ongoing litigation should be invoked to compel Diamond M to do what ODECO would otherwise be under no compulsion to do because it is no longer the owner or in control of the rig. Were this Court to adopt plaintiffs argument, we would in effect be transforming an agreement to secure Diamond M’s cooperation with ODECO into a agreement mandating Diamond M’s cooperation with plaintiffs. Intrinsic to the cooperation provision of the agreement is the advancement of ODECO’s legal interests. The trial court erroneously twisted the agreement into one for the advancement of the plaintiffs interests which are antithetical to those of ODECO, the intended beneficiary of the cooperation clause. The “Transition Services Agreement” is simply not a stipulation pour autrui in favor of plaintiffs. It was never intended to be used to provide third parties a weapon against ODECO.
Finally we note that the plaintiff does not allege that the transfer of ownership of the *12 rig to ODECO subsequent to the alleged accident was a sham or a bad faith attempt by ODECO to thwart plaintiffs case.
As a procedural matter, plaintiff contends that discovery matters are interlocutory and unappealable in the absence of irreparable injury and that neither ODECO nor Diamond M will sustain any irreparable harm should they be compelled to comply with the discovery order prior to the time that it may be previewed on appeal after a trial on the merits. It is the opinion of this Court that the discovery order of the trial court is so physically intrusive and so without legal foundation as to constitute a trespass upon Diamond M that can be considered irreparable injury. As a non-party Diamond M should not be expected to be dragged through a trial on the merits under these circumstances before it has a right of appeal.
We also agree with ODECO’s contention that under the wording of the discovery judgment, it ran the substantial risk of being held responsible for any non-compliance on the part of Diamond M as the judgment ordering the operation of the crane was rendered against both ODECO and Diamond M. Moreover, plain common sense and judicial economy dictate that ODECO’s appeal be heard simultaneously with that of Diamond M. Our finding in favor of Diamond M automatically places ODECO in an untenable position. The trial court had no authority to impute control of the rig to ODECO because of the “Transition Services Agreement.”
For the foregoing reasons the judgment of the trial court of September 15, 1996 is hereby reversed to the extent that it orders the operation of the rig and/or personnel basket. The balance of the judgment is affirmed. The case is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED IN PART, AFFIRMED IN PART AND REMANDED.